

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,067

**DEMOND DEPREE BLUNTSON, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON DIRECT APPEAL FROM CAUSE NO. 2012CR0000674-D1
IN THE 49TH JUDICIAL DISTRICT COURT
WEBB COUNTY**

FINLEY, J., filed a concurring opinion in which PARKER, J., joined.

## CONCURRING OPINION

This is a death penalty appeal. As relevant here, Appellant alleges jury charge error during the punishment phase of his trial. The Court today reverses and remands for a new punishment trial. I agree with this result. However, for the foregoing reasons, I cannot join the Court's disposition of

points of error five, seven through nine, and thirteen. Consequently, I respectfully concur as to those points of error.

## I.   Jury Charge Error

In his first nine points of error, Appellant argues that the trial court erred by giving flawed instructions to the jury regarding the second special issue on mitigation. The State confesses error. The flaws in these instructions are obvious. To start, the form inverted the "10-12" Rule. Instead of ten jurors required to vote for life, twelve were required. *Contra* TEX. CODE CRIM. PROC. art. 37.071, § 2(d). And instead of twelve jurors required to vote for death, ten were required. *Contra id.* art. 37.071, § 2(f). The jury charge also imposed a "reasonable doubt" standard on the question of mitigating evidence in such a way that Appellant was required to prove the existence of sufficient mitigating circumstances beyond a reasonable doubt.

Appellant argues that his verdict was not unanimous as required by Article 37.071. The jury was polled, and the polling indicated unanimity. The record shows:

> THE COURT: Thank you. You may sit down. Thank you for your service.
>
> Would the defendant please rise? In Cause No. 2012-CRO-674, the case styled in the State of Texas versus Demond Depree Bluntson, this is the verdict on punishment as to Count 1.
>
> The answer to Special Issue -- Special Issue No. 1: Yes.

With regard to Special Issue No. 2, as to Count 1, the answer, signed by the presiding juror: No.

With regard to Count 2, verdict on punishment, answer to Special Issue No. 1, answer, signed by the presiding juror: Yes. Answer to Special Issue No. 2 as to Count 2, signed by the presiding juror, answer: No.

Signed by the presiding juror.

Do you wish to poll the jury?

MR. EDUARDO PENA [defense counsel]: May we poll the jury, Your Honor?

THE COURT: Yes. Members of the jury, you have heard me read what your verdict was, what your answers to the questions that were posed to you were. I am now going to ask you that if, in fact, that is your individual vote, your individual response, to these questions and verdict, to please raise your right arm now.

(Jurors comply.)

THE COURT: Let the record reflect that all 12 individuals of the jury have raised their right arm high. Thank you.

This exchange indicates that the jury was unanimous as to its verdict. The trial court specifically asked the jury panel if the verdict that the court had just read was "in fact . . . your individual vote, your individual response, to these questions and verdict." The trial court asked the jurors to "raise their right arm high," if that was true. All twelve did. This exchange clearly exhibits that all twelve jurors agreed with the verdicts that the court delivered.

However, the jury polling does not cure the errors that come from the

"reasonable doubt" language in the charge. Neither party has a burden of proof on the mitigation issue. *See Colella v. State*, 915 S.W.2d 834, 845 (Tex. Crim. App. 1995) ("No burden of proof exists for either the State or the defendant to disprove or prove the mitigating evidence."); *Barnes v. State*, 876 S.W.2d 316, 330 (Tex. Crim. App. 1994) ("Neither this Court nor the Texas legislature has ever assigned a burden of proof on the issue of mitigating evidence."). The Court says that this language in the charge constituted reversible error. I agree. However, Appellant's unanimity point of error is harmless in light of the trial court's polling of the jury.

## II. Self-Representation

In his thirteenth point of error, Appellant argues that he did not receive adequate representation of counsel during his self-representation hearing, in violation of the Sixth Amendment. The Court says that "Appellant suggests . . . that his appointed counsel were required to promote a waiver they believed to be invalid." Maj. Op. at 56. In doing so, the Court presupposes the invalidity of the waiver.

There is a substantial difference between what the Court says—that Appellant's trial counsel would have been "required to promote a waiver they believe to be invalid"—and the fact that the trial court did not have to respect the waiver because it believed Appellant could not competently represent

himself. The question of "whether the Constitution permits a State to limit that defendant's self-representation right by insisting upon representation by counsel at trial—on the ground that the defendant lacks the mental capacity to conduct his trial defense unless represented" has already been answered: the Supreme Court has said yes. *Indiana v. Edwards*, 554 U.S. 164, 174 (2008).

In saying that Appellant's trial counsel would have been required to promote an invalid waiver, the Court implies that it would have been error to permit Appellant to represent himself. But how could the waiver have been invalid if Appellant was competent enough to stand trial? A mentally competent defendant has a "constitutional right to proceed without counsel when [he] voluntarily and intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975); *Edwards*, 554 U.S. at 174–78. But neither *Faretta* nor *Edwards* create a constitutional right for a mentally ill individual to not represent themselves. Post-*Edwards*, States are allowed to properly deny a mentally ill defendant the right to self-representation on the basis that they could not competently represent themselves. That much is clear. But the Court should not imply that, by claiming Appellant wanted to represent himself, it would have been error for the trial court to permit him to do so.

## III.   Conclusion

With these thoughts, I join the Court's judgment but respectfully concur

as to points of error five, seven through nine, and thirteen.

**Filed: May 7, 2025**
**Publish**